J-S40033-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| DARNELL L. ADAMS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| NANCY G. GIROUX, SUPERINTENDENT | : | |
| AT SCI ALBION; AND JACK DANERI, | : | |
| DISTRICT ATTORNEY OF ERIE COUNTY, | : | |
| PENNSYLVANIA, | : | |
| | : | |
| Appellees | : | No.  63 WDA 2015 |

Appeal from the Order Entered December 12, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-MD-0000652-2014

BEFORE:    FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        FILED: July 29, 2015

Darnell L. Adams (Adams) appeals *pro se* from an order denying his petition for review from the denial of his private criminal complaint.   We affirm.

The trial court summarized the background underling this matter as follows.

> [Adams] is currently confined at the State Correctional Institution at Albion, Pennsylvania.[1]   Asserting that a valid sentencing order did not exist justifying his commitment, he filed a private criminal complaint alleging false imprisonment and official oppression.   He alleges that [] Nancy G. Giroux, superintendent of SCI-Albion, has committed these offenses by causing his continued confinement.   By letters dated January 31, 2014 and October 9, 2014, representatives of the Erie County

---

[1] Adams pled guilty to second-degree murder and is serving a sentence of life in prison.

*Retired Senior Judge assigned to the Superior Court.

District Attorney's Office advised [Adams] that his complaint was denied because it lacked prosecutorial merit. On October 9, 2014, [Adams] filed a motion to compel requesting that the Erie County District Attorney disapprove the complaint and set forth its reasons pursuant to Pa.R.Crim.P. 506(B)(2). On October 15, 2014, [the trial court] ordered the Commonwealth to file a response. It did so on November 17, 2014, attaching relevant information….

Trial Court Opinion, 12/12/2014, at 1 (citations omitted).

The trial court denied Adams' petition for review from the denial of his private criminal complaint. Adams timely filed a notice of appeal. In his brief to this Court, Adams presents one issue, namely, "[Adams] contends that the trial court abused its discretion by relying upon a warrant of commitment (also known as mittimus) to improperly deny his petition for review from the denial of [Adams'] private criminal complaint." Adams' Brief at 6 (unnecessary capitalization omitted).

We consider Adams' issue mindful of the following legal principles.

[W]hen the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that

the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters.

*In re Wilson*, 879 A.2d 199, 215 (Pa. Super. 2005) (citations omitted).

Adams believes that his continued incarceration is illegal because a proper sentencing order does not exist as required by 42 Pa.C.S. § 9764(a)(8).[2] Thus, he filed a private criminal complaint against the superintendent of SCI-Albion, alleging false imprisonment and official oppression. The trial court determined that Adams' confinement is lawful. In so doing, the court cited a sentencing order, which the Commonwealth provided to the court.

---

[2] Subsection 9764(a)(8) provides as follows:

> **(a) General rule.--**Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer…
>
> ***
>
> (8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8). This Court has held that this statute neither requires the Department of Corrections to maintain and produce the enumerated documents, nor creates for a prisoner a remedy for noncompliance. *Joseph v. Glunt*, 96 A.3d 365, 371 (Pa. Super. 2014).

On appeal, Adams argues that, for various reasons, the document that the trial court deemed to be a sentencing order was not such an order. Adams' primary contention is that the document is a "mittimus," not a sentencing order.[3] Thus, he argues, the court erred by concluding that a valid sentencing order exists and that his confinement is lawful.

The document that the Commonwealth provided to the trial court is from the Court of Common Pleas of Allegheny County, Criminal Division. It is captioned "Commonwealth of Pennsylvania vs. Darnell Adams, Defendant." Certified Record Entry 8. The caption further states that: the docket number is 9314841, the charge is criminal homicide, Adams pled guilty to second degree murder, and the penalty is life imprisonment.

The body of the document provides as follows:

<u>LIFE SENTENCE</u>

AND NOW, September 27, 1994, in open Court, defendant appearing with counsel, the sentence of law is that you, Darnell Adams, pay a fine of 6 ¼ cents to the Commonwealth of Pennsylvania, pay the costs of prosecution and undergo an imprisonment for the period of your natural life and stand committed, and be sent to the Western Correctional Diagnostic and Classification Center at Pittsburgh, Pennsylvania, to be transferred to such institution as may be deemed appropriate.

Date of last commitment: November 14, 1993

---

[3] Mittimus is defined as follows: "1. A court order or warrant directing a jailer to detain a person until ordered otherwise[.] 2. A certified copy of a prisoner's conviction or sentencing proceedings. 3. A writ directing the transfer of records from one court to another." BLACK'S LAW DICTIONARY 1024 (8th ed. 2004).

BY THE COURT:

*Id.* The document is signed by Judge Novak and date-stamped by the clerk of courts, stating, "FROM THE RECORDS ATTEST Oct 04 1994." *Id.*

Adams has failed to convince us that the trial court abused its discretion by denying his petition for review from the denial of his private criminal complaint. The document provided by the Commonwealth to the trial court is sufficient to prove that Appellant is being lawfully detained. By all appearances, this document is a valid sentencing order. This order justified the trial court's decision not to disturb the district attorney's decision to disapprove Adam's private criminal complaint. *Accord Joseph*, 96 A.3d at 371 (Pa. Super. 2014) ("The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention.") (footnote omitted). Thus, we conclude that Adams is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/29/2015